<u>Steele v. Secretary of State</u>, AP-09-19 (Superior Ct. Cumberland)

   Emily Steele appeals from an administrative decision of a Hearing Officer of the Bureau of Motor Vehicles that she refused to submit to an intoxilyzer test on February 26, 2009, resulting in a 275 day suspension of her license to operate a motor vehicle.

   Under Rule 80C and 5 M.R.S. § 11007(C), an agency's decision will be reviewed for abuse of discretion, error of law, or findings not supported by substantial evidence in the record. E.g., <u>Rangeley Crossroads Coalition v. Land Use Regulation Commission</u>, 2008 ME 115 ¶ 10, 955 A.2d 223, 227. The court may not substitute is own judgment for that of the agency and must affirm findings of fact if they are supported by substantial evidence in the record. <u>Id</u>. In particular, where a hearing officer makes findings based on the credibility of witnesses who appeared before her, the court must defer to those findings. E.g., <u>Sprague Electric Co. v. Maine Unemployment Insurance Commission</u>, 544 A.2d 728, 732 (Me. 1988).

   In this case Ms. Steele testified that she originally was unable to perform the intoxilyzer test because she needed to go to the bathroom urgently and the officer had denied her repeated requests that he allow her to do so. The hearing officer credited her testimony on that issue and stated that "[h]ad this case ended there, I would be convinced that this was not a fair refusal." Record Tab 4, p. 2. The hearing officer went on to find, however, that Ms. Steele was again offered the opportunity to take a test after she had finally gone to the restroom and that Ms. Steele had again declined. Ms. Steele argued that she was still responding to the officer's coercive and unreasonable refusal to let her go to the bathroom, that she had leaked urine into her underwear and was humiliated and upset, and that she did not make a voluntary decision to refuse a test because the explanation of the implied consent form occurred at a time when she still desperately needed to use the restroom.

   If the court had been the finder of fact in this case, the court might well have concluded that Ms. Steele's testimony and arguments on this issue were persuasive. However, the hearing officer found to the contrary. Specifically, the hearing officer found that Ms. Steele's decision to continue to refuse a test after she had returned from the bathroom was a conscious choice not coerced by the officer and that Ms. Steele had been properly advised of the consequences of refusing to submit to a test. Record Tab 4, p. 3.

   Under the standard of appellate review set forth above, the court is obliged to defer to the hearing officer's credibility determinations and to her evaluation of the evidence.

The entry shall be:

   The May 14. 2009 decision of the hearing officer is affirmed. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December 4, 2009

Thomas D. Warren
Justice, Superior Court

2

Date Filed __06-10-09__ ____CUMBERLAND____ Docket No. _____AP-09-19__

County

Action _____80C Appeal_____

EMILY STEELE,                          SECRETARY OF STATE, BUREAU OF MOTOR VEHICLES

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| STEPHEN J. SCHWARTZ, ESQ.<br>482 CONGRESS STREET<br>P.O. BOX 15337<br>PORTLAND, ME 04112-5337 | DONALD MACOMBER, AAG<br>~~GWENDOLYN THOMAS AAG~~<br>6 STATE HOUSE STATION<br>AUGUSTA ME 04333 |